UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**OAK HARBOR FREIGHT LINES, INC.**,

                            Plaintiff,

            v.

**CHAD C. ANTTI**,

                            Defendant.

Civil Case No. 3:12-CV-00488-KI (Lead Case)
Civil Case No. 3:12-CV-00546-KI (Trailing Case)
Civil Case No. 3:12-CV-00733-KI (Trailing Case)
Civil Case No. 3:13-CV-00416-KI (Trailing Case)

OPINION AND ORDER
CONSOLIDATING CASES


        Richard C. Hunt
        Laura Salerno Owens
        Edwin A. Harnden
        Barran Liebman LLP
        601 SW Second Ave.
        Suite 2300
        Portland, OR 97204-3159

            Attorneys for Oak Harbor Freight Lines, Inc.


Page 1 - OPINION AND ORDER ON CONSOLIDATION

Benjamin Rosenthal
1023 SW Yamhill St., Ste 200
Portland, OR 97205

Attorney for Chad C. Antti and Jeramey R. Pearson

Joseph J. Haddad
351 NW 12th Ave.
Portland, OR 97209

Attorney for Robert S. Argyle

KING, Judge:

Pending before the Court are the Motion to Consolidate [42] and Amended Motion to Consolidate [44] filed by Oak Harbor Freight Lines, Inc. in Oak Harbor Freight Lines, Inc. v. Antti ("Antti"), 3:12-cv-488-KI, and Motion to Consolidate [4] and Amended Motion to Consolidate [6] filed by Oak Harbor Freight Lines, Inc. in Oak Harbor Freight Lines, Inc. v. Argyle ("Argyle"), 3:13-cv-416-KI.

Oak Harbor seeks to consolidate four cases pending before this Court, all of which involve Oak Harbor's family and medical leave policy. In Antti, Oak Harbor seeks a declaratory judgment that its policy requiring employees to obtain a short note from a medical provider is not a violation of the Family and Medical Leave Act ("FMLA") or the Oregon Family Leave Act ("OFLA"). Oak Harbor seeks the identical declaration in the case it filed against Argyle. Similarly, in its counterclaim in Pearson v. Oak Harbor Freight Lines, Inc., 3:12-cv-733-KI, Oak Harbor requests a declaration as to the legality of the same leave policy. Finally, in Antti v. Oak Harbor Freight Lines, Inc., 3:12-cv-546-KI, Oak Harbor raises several affirmative defenses related to the legality of its policy; this last case has been stayed by agreement of the parties.

Page 2 - OPINION AND ORDER ON CONSOLIDATION

Since Oak Harbor's leave policy is the common thread among all three active cases, consolidation for a limited purpose is appropriate.  See Fed. R. Civ. P. 42(a).  However, because the employees may have valid concerns about prejudice, I do not yet rule on whether consolidated trials are appropriate until after I have made a ruling on dispositive motions.

Accordingly, the following cases have been consolidated for purposes of discovery and dispositive motions as set forth above:  Oak Harbor Freight Lines, Inc. v. Chad C. Antti,[1] 3:12-cv-488-KI (LEAD CASE), Jeramey R. Pearson v. Oak Harbor Freight Lines, Inc., 3:12-cv-733-KI, and Oak Harbor Freight Lines, Inc. v. Robert S. Argyle, 3:13-cv-416-KI.  The final case, Chad C. Antti v. Oak Harbor Freight Lines, Inc., 3:12-cv-546-KI, remains stayed.

Until further order of the Court, pursuant to Local Rule 42-4, it is ordered that 3:12-cv-488-KI, Oak Harbor Freight Lines, Inc. v. Chad C. Antti, is designated as the "Lead Case."  The title page of each submission shall show only the case number and name of the lead case and the words "Lead Case," with the other cases designated as Trailing Cases.  All pleadings and other submissions subsequent to the date of this Order shall be filed using the case caption and case number designation above, except any responsive pleading filed by Robert S. Argyle in 3:13-cv-416-KI.  All pleadings and other submissions shall be electronically filed pursuant to Local Rule 100 only in the lead case.  Paper copies of filings for the Judge shall be submitted as required by the Local Rules.  No documents are to be submitted under the heading of either of the trailing cases without prior permission of the Court.

---

[1]To avoid confusion, and since Oak Harbor most recently filed a separate action against him, I also order that the caption of the lead case should conform to the actual party still remaining and not refer to the earlier dismissed defendant Argyle.

Page 3 - OPINION AND ORDER ON CONSOLIDATION

For the consolidated cases, the Court adopts the schedule set in the <u>Pearson</u> matter as follows:  all discovery (including discovery motions) is to be completed by 8/21/2013 and all dispositive motions are due by 9/23/2013.  If the parties confer and agree on a different schedule, they should so inform the Court.[2]  The Court notes a Pretrial Order is currently due in the <u>Antti</u> matter on 5/30/2013, and in <u>Argyle</u> on 8/8/2013, but has been waived in <u>Pearson</u>.  Unless waived in all three matters, a Pretrial Order must be lodged on 12/2/2013.  The <u>Pearson</u> pretrial conference and trial dates remain as scheduled.  Trial dates (or consolidated trials) on the remaining cases will be scheduled after dispositive motions have been filed.

## CONCLUSION

For the foregoing reasons, I grant the Motion to Consolidate [42] and Amended Motion to Consolidate [44] filed by Oak Harbor Freight Lines, Inc. in <u>Oak Harbor Freight Lines, Inc. v. Antti</u> ("<u>Antti</u>"), 3:12-cv-488-KI, and grant the Motion to Consolidate [4] and Amended Motion to Consolidate [6] filed by Oak Harbor Freight Lines, Inc. in <u>Oak Harbor Freight Lines, Inc. v. Argyle</u> ("<u>Argyle</u>"), 3:13-cv-416-KI.

IT IS SO ORDERED.

DATED this ___17th___ day of May, 2013.


　　　　　　　　　　　　　　　　　　　　  /s/ Garr M. King　　　　　　　
　　　　　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2]For example, the Court would be amenable to a dispositive motions schedule whereby the Court could resolve any purely legal issues related to Oak Harbor's policy before the parties undertake extensive discovery, with subsequent dispositive motions due after discovery has been completed.